# In the United States Court of Federal Claims

No. 20-437

(Filed: April 15, 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DERRICK MICHAEL ALLEN, SR., | \* | |
| | \* | |
| *Plaintiff,* | \* | RCFC 12(b)(1); RCFC 12(b)(6); |
| | \* | Subject-Matter Jurisdiction; *Pro Se*; |
| v. | \* | Unjust Conviction and Imprisonment |
| | \* | Act; *In Forma Pauperis*; Eighth |
| | \* | Amendment; Fourteenth Amendment |
| THE UNITED STATES, | \* | |
| | \* | |
| *Defendant.* | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Derrick Michael Allen, Sr.*, Durham, NC, *pro se*.

*Joshua Ethan Kurland*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

After the United States Supreme Court vacated his criminal conviction, Derrick Michael Allen, Sr., proceeding *pro se*, filed a complaint against the United States seeking monetary compensation for unjust conviction and imprisonment and alleging violations of his Eighth and Fourteenth Amendment rights. Defendant seeks to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. Although Mr. Allen had his conviction vacated by the highest court in the United States, he fails to provide the requisite proof to support an unjust conviction and imprisonment claim because he lacks a certificate of innocence or pardon. Further, Mr. Allen's Eighth and Fourteenth Amendment claims are beyond this Court's jurisdiction because they are not founded upon money-mandating sources of law.

For the following reasons, Defendant's Motion to Dismiss is **GRANTED**, Plaintiff's Motion to Amend Pleading is **GRANTED**, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**, and Plaintiff's Motion for Appointment of Counsel is **DENIED AS MOOT**.

### I.  BACKGROUND

Mr. Allen was convicted of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(8) in the United States District Court for the Middle District of North Carolina, and his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. Compl. at 2, ECF No. 1. Mr. Allen then appealed to the United States Supreme Court, which vacated and remanded his conviction. *Id.* On remand, the government declined to re-prosecute Mr. Allen, so

the district court dismissed the charges. *See* Compl. at 2; *see also* Def.'s Mot. to Dismiss [hereinafter Def.'s MTD], Ex. A at 19-20, ECF No. 9.

Mr. Allen subsequently applied to the district court for a certificate of innocence, which was denied.[1] *See* Def's MTD at 2. Mr. Allen now seeks "compensat[ion] for [his] unjust conviction and imprisonment" plus the "[nine] months and [seven] days of supervised probation." Compl. at 3. Mr. Allen also alleges that he was "subjected to cruel and unusual punishment" which infringed upon his Eighth Amendment and Fourteenth Amendment rights. *Id.* at 1. The government moves to dismiss Mr. Allen's unjust conviction and imprisonment claim under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") and his Eighth and Fourteenth Amendment claims for lack of subject-matter jurisdiction under Rule 12(b)(1). Def.'s MTD at 3-4. In response, Mr. Allen argues that this Court has jurisdiction "under 28 U.S.C. § 1491(a)(1) to adjudicate [his] claim for infringements of plaintiff rights in the matter of his unjust conviction and imprisonment" but if the Court "determines that plaintiff['s] complaint lack[s] subject matter jurisdiction . . . petitioner be allowed to amend his complaint[.]" Pl.'s Resp. at 1, 5, ECF No. 10.

Mr. Allen filed a Motion to Amend Pleading in which he supplements his response to the government's motion to dismiss and restates his claim for monetary compensation for unjust conviction and imprisonment. *See* Pl.'s Mot. to Amend Pleadings, ECF No. 13. In his motion, Mr. Allen asks the Court "to grant petitioner an [sic] certificate of innocence." *Id.* at 4. The government responds to Mr. Allen's motion by renewing its request to dismiss the complaint pursuant to RCFC 12(b)(1) and 12(b)(6). *See* Def.'s Resp. to Mot. to Amend Pleadings, ECF No. 14. The Court has considered Mr. Allen's supplementary motion and the government's response in reaching its decision.

## II.   LEGAL STANDARDS

The United States Court of Federal Claims is a court of limited jurisdiction. *See Transcountry Packing Co., Inc. v. United States*, 568 F.2d 1333, 1336 (Ct. Cl. 1978). This Court's jurisdiction is primarily defined by the Tucker Act, which waives the sovereign immunity of the United States for non-tort claims founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to fall within the scope of the Tucker Act, recovery against the government requires a plaintiff to identify a substantive right created by some money-mandating constitutional provision, statute or regulation, or an express or implied

---

[1] In its motion, the government informed the Court that Mr. Allen appealed the district court's denial of his motion for a certificate of innocence. *See* Def.'s MTD at 2, n.1. While Mr. Allen's case was pending before this Court, the Fourth Circuit affirmed the district court's denial. *United States v. Allen*, 820 F. App'x 237 (4th Cir. 2020), *cert. denied*, No. 20-6476, 2021 WL 161114 (U.S. Jan. 19, 2021), *reh'g denied*, No. 20-6476, 2021 WL 769789 (U.S. Mar. 1, 2021). Mr. Allen appealed to the United States Supreme Court and his petition was denied on January 19, 2021. *Id.*

contractual relationship with the United States. *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).

Rule 12(b)(1) governs dismissal of claims for lack of subject-matter jurisdiction. *See* RCFC 12(b)(1). "Jurisdiction is a threshold matter that must be resolved before the [c]ourt can take action on the merits." *Remote Diagnostics Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). To establish jurisdiction in this Court, "all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the court determines that the source is not money-mandating, then the court lacks jurisdiction and the case should be dismissed. *Id.* at 1308 (citing *Greenlee County*, 487 F.3d 871, 876 (Fed. Cir. 2007)). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Even if a plaintiff successfully establishes jurisdiction based on a money-mandating source of law, if the court concludes that the facts as pled do not fit within the scope of the money-mandating source, the court should dismiss the claim on the merits under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007); *Fisher v. United States*, 402 F.3d 1167, 1175 (Fed. Cir. 2005). To the extent a successful claim requires compliance with certain statutory elements, failure to prove the required elements means the plaintiff is not entitled to the relief he seeks. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011) (quoting *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 687 (Fed. Cir. 1992)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nevertheless, "[d]espite this permissive standard, a *pro se* plaintiff must still satisfy the [C]ourt's jurisdictional requirements." *Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). Further, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest." *Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)).

### III.  DISCUSSION

#### A.  Defendant's Motion to Dismiss

The government argues Mr. Allen's complaint should be dismissed for two reasons. First, the government argues "Mr. Allen's failure to obtain a certificate of innocence regarding his vacated criminal conviction forecloses an unjust imprisonment action in this Court, and the Court

should therefore dismiss the action for failure to state a claim upon which relief can be granted." Def.'s MTD at 3. Second, the government asserts that Mr. Allen's Eighth and Fourteenth Amendment claims are not within this Court's jurisdiction and should be dismissed for lack of subject-matter jurisdiction. *Id*. at 2-3. We agree with the government on both grounds.

### 1. Unjust Conviction and Imprisonment Claim

This Court has "jurisdiction to render judgment upon any claims for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. This jurisdictional statute serves as a money-mandating source of law; however, it "must be read in conjunction with 28 U.S.C. § 2513[,]" *Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012) (citations omitted), which sets forth the factual elements a plaintiff must prove to succeed on a claim for unjust conviction and imprisonment and, most importantly, the evidence by which he must prove them. *See Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010) ("In order to state a claim for relief [for unjust conviction and imprisonment], a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513."). Specifically, § 2513(a) requires a plaintiff to "allege and prove" that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

Further, § 2513(b) explicitly states that "[p]roof of the requisite facts shall be *by a certificate of the court or pardon* wherein such facts are alleged to appear, and other evidence thereof shall not be received." 28 U.S.C. § 2513(b) (emphasis added). Section 2513(b) "has always been strictly construed" to mean that a certificate from the court or pardon are the only means by which an individual suing under § 1495 may prove his innocence and unjust conviction. *Sykes*, 105 Fed. Cl. at 233 (quoting *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972)); *see also Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017). As a corollary, this Court does not have the power to review and overturn convictions or review in detail the facts surrounding a conviction or imprisonment. *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003).

Mr. Allen presumably brings his claim under § 1495 with the belief that having his conviction vacated by the Supreme Court is sufficient to establish unjust conviction and imprisonment under § 2513(a). His claim falls short, however, because he does not provide the

4

required evidence to prove the elements of an unjust conviction and imprisonment claim under § 1495, which must be by a certificate of innocence or pardon as prescribed by § 2513(b). The Supreme Court did not issue Mr. Allen a certificate of innocence but rather vacated his conviction and remanded his case to the district court, which subsequently denied Mr. Allen's petition for a certificate of innocence. Moreover, this Court does not have the power to grant Mr. Allen a certificate of innocence as requested in his amended pleading or otherwise review the circumstances of his conviction. The defect in Mr. Allen's claim for unjust conviction and imprisonment, therefore, is a failure to submit the required proof of the elements of his claim. Accordingly, his claim for unjust conviction and imprisonment must be dismissed for failure to state a claim upon which relief can be granted.

### 2. Eighth and Fourteenth Amendment Violation Claims

Mr. Allen also claims he "was subjected to cruel and unusual punishment" in violation of his Eighth Amendment and Fourteenth Amendment rights. Compl. at 1. Simply alleging a constitutional violation, however, does not establish subject-matter jurisdiction in this Court. *Sykes*, 105 Fed. Cl. at 234. Rather, the constitutional provision must "expressly create[] a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Federal Circuit has previously held that claims against the United States brought under the Eighth and Fourteenth Amendments do not mandate money damages. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'"); *LeBlanc,* 50 F.3d at 1028 (holding this Court does not possess subject-matter jurisdiction to consider claims based upon the equal protection and due process clauses). Because neither the Eighth nor the Fourteenth Amendment are money-mandating, Mr. Allen's claims based on these constitutional provisions must be dismissed for lack of subject-matter jurisdiction.

### B.     Application to Proceed *In Forma Pauperis*

Mr. Allen filed an application to proceed *in forma pauperis* with his complaint. *See* Mot. for Leave to Proceed *In Forma Pauperis* [hereinafter IFP], ECF No. 2. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). Under the statute, a plaintiff is eligible to proceed *in forma pauperis* if he is "unable to pay such fees or give security therefor." *Moore v. United States*, 93 Fed. Cl. 411, 413 (2010) (quoting 28 U.S.C. § 1915(a)(1)). "[T]he threshold for a motion to proceed *in forma pauperis* is not high[.]" *Id*. at 414. "Unable to pay such fees" means that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citing *Adkins v. E.I. DuPont de Nuemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Moore*, 93 Fed. Cl. at 413 (stating the determination of what constitutes "unable to pay" is left to the discretion of the presiding judge based on the information submitted by the plaintiff). In his application, Mr. Allen states he is currently unemployed, has a limited amount of money in his bank accounts, has recurring monthly expenses (including student loans and child support payments), and has outstanding debt for medical expenses. IFP at 1-2. Because the Court finds that Mr. Allen has sufficiently

demonstrated financial hardship if he is required to pay the Court's filing fees, Mr. Allen's Application to Proceed *In Forma Pauperis* is granted.

## IV.   CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Mr. Allen may refile in this Court with a certificate of innocence or pardon as required by 28 U.S.C. § 2513(b). Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**, Plaintiff's Motion to Amend Pleadings is **GRANTED,** and Plaintiff's Motion for Appointment of Counsel is **DENIED AS MOOT**. The Clerk is hereby **DIRECTED** to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

                                                    s/ Thompson M. Dietz
                                                    THOMPSON M. DIETZ, Judge